IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| DENNIS L. MILLER,<br><br>        Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>        Defendant. | No. C12-4053-LTS<br><br>**MEMORANDUM<br>OPINION AND ORDER** |

Plaintiff Dennis Miller seeks judicial review of a final decision of the Commissioner of Social Security (the "Commissioner") denying his application for supplemental security income ("SSI") pursuant to Title XVI of the Social Security Act, 42 U.S.C. § 1383(c)(3). Miller contends the administrative record ("AR") does not contain substantial evidence to support the Commissioner's decision that he is not disabled. For the reasons explained below, I must remand the case for further proceedings.

*Background*

Miller was born in 1953 and has a GED. AR 28, 44. He has not worked since 2001, but previously did cleaning and mechanical work. AR 28-29. Miller protectively filed for benefits on April 6, 2009. AR 108-111. His claims were denied initially and on reconsideration. AR 49-51. Miller requested a hearing before an Administrative Law Judge ("ALJ"). AR 67. On December 15, 2010, ALJ Robert Maxwell held a hearing during which Miller and a vocational expert ("VE") testified. AR 23-48.

On December 30, 2010, the ALJ issued a decision finding Miller not disabled since April 6, 2009. AR 18. Miller sought review of this decision by the Appeals Council, which denied review on March 30, 2012. AR 1-3. The ALJ's decision thus became the final decision of the Commissioner. 20 C.F.R. § 416.1481.

On May 29, 2012, Miller filed a complaint in this court seeking review of the ALJ's decision. On June 21, 2012, with the parties' consent, United States District Judge Mark W. Bennett transferred the case to me for final disposition and entry of judgment. The parties have briefed the issues and the matter is now fully submitted.

### *Summary of ALJ's Decision*

The ALJ made the following findings:

(1) The claimant has not engaged in substantial gainful activity since April 6, 2009, the application date (20 CFR 416.971 *et seq*.).

(2) The claimant has the following severe impairment: depression (20 CFR 416.920(c)).

(3) The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

(4) After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range or work at all exertional levels but with the following nonexertional limitations: Mentally, the claimant is able to perform simple, routine tasks.

(5) The claimant has no past relevant work (20 CFR 416.965).

(6) The claimant was born on July 19, 1953 and was 55 years old, which is defined as an individual of advanced age, on the date the application was filed (20 CFR 416.963).

2

(7) The claimant has a limited education and is able to communicate in English (20 CFR 416.964).

(8) Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

(9) Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

(10) The claimant has not been under a disability, as defined in the Social Security Act, since April 6, 2009, the date the application was filed (20 CFR 416.920(g)).

AR 12-18.

While Miller alleges various impairments, the ALJ found depression to be the only severe impairment. AR 12. The ALJ reasoned that although there was some evidence of mild degenerative disc disease and cystic degenerative change and osteopenia of the left hip, there was little evidence to suggest that these were severe physical impairments that more than minimally interfered with Miller's ability to engage in basic work activities. AR 13. He considered Miller's treatment notes from his most recent examinations which revealed essentially negative physical findings. *Id*. He had normal muscular power and reflexes and normal range of motion as of October 2010. *Id*. The ALJ found that Miller did not have any ongoing severe pancreas or gastrointestinal-related impairment. His pancreatic pseudocyst had been resolved and although he experienced episodic loose stools and alternating diarrhea and constipation, the evidence failed to establish that Miller had any particular work-related limitations secondary to these.

In reaching this conclusion, the ALJ discredited a medical assessment prepared by Dr. Leszek Marczewski and gave it no weight. The ALJ reasoned it appeared to be based on Miller's subjective complaints and was inconsistent with Dr. Marczewski's

3

treatment notes which reflected that Miller had normal movement of all extremities, no motor dysfunction, and normal gait and stance. AR 14.

In determining Miller's RFC, the ALJ found that nothing in the record supported a severe physical impairment interfering with his ability to perform a full range of work at all exertional levels except Miller's own allegations. As for mental limitations, Miller reported difficulty with memory, concentration, understanding, following instructions and paying attention. He poorly handled stress and changes in routine. AR 15. A June 3, 2009, consultative psycho-diagnostic evaluation by William Morton, Psy.D., supported some of these allegations. Miller's attention and concentration were normal during the evaluation and his memory was mildly limited. He was estimated to have borderline intellectual functioning with a poor general fund of knowledge and poor abstraction abilities. His judgment and reasoning were described as limited in appearance. AR 16. The ALJ relied on Dr. Morton's evaluation as the basis for Miller's RFC, reasoning that it was consistent with other evidence in the record before and after Miller's protective filing date.

The ALJ concluded that Miller could perform a wide range of work based on the testimony of the VE such as a hand packager or machine packager, both of which existed in significant numbers within the regional economy. AR 17. Therefore, the ALJ found that Miller had not been disabled since April 6, 2009. AR 18.

### *Disability Determinations and the Burden of Proof*

A disability is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . .

4

in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007). First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see "whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities." *Dixon v. Barnhart*, 353 F.3d 602, 605 (8th Cir. 2003). "An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities." *Kirby*, 500 F.3d at 707; *see* 20 C.F.R. §§ 404.1520(c), 404.1521(a), 416.920(c), 416.921(a).

The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* §§ 404.1521(b)(1)-(6), 416.921(b)(1)-(6); *see Bowen v. Yuckert*, 482 U.S. 137, 141, 107 S. Ct. 2287, 2291 (1987). "The sequential evaluation process may be terminated at step two only when the claimant's impairment or combination of impairments would have no more than a minimal impact on her ability to work." *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007) (internal quotation marks omitted).

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Kelley v. Callahan*, 133 F.3d 583, 588 (8th Cir. 1998).

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4). "RFC is a medical question defined wholly in terms of the claimant's physical ability to perform exertional tasks or, in other words, what the claimant can still do despite his or her physical or mental limitations." *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003) (internal quotation marks omitted); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations. *See id.* If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in Step Four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at Step Four, and his or her age, education, and work experience. *See*

*Bladow v. Apfel*, 205 F.3d 356, 358-59 n.5 (8th Cir. 2000). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy. *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find the claimant is not disabled. If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). At Step Five, even though the burden of production shifts to the Commissioner, the burden of persuasion to prove disability remains on the claimant. *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004).

### *The Substantial Evidence Standard*

The Commissioner's decision must be affirmed "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Lewis*, 353 F.3d at 645. The Eighth Circuit explains the standard as "something less than the weight of the evidence and [that] allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994).

In determining whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the ALJ, but it [does] not re-weigh the evidence." *Wester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court

7

considers both evidence which supports the Commissioner's decision and evidence that detracts from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010). The court must "search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citing *Cline v. Sullivan*, 939 F.2d 560, 564 (8th Cir. 1991)).

In evaluating the evidence in an appeal of a denial of benefits, the court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Human Servs.*, 879 F.2d 441, 444 (8th Cir. 1989). The court, however, does not "reweigh the evidence presented to the ALJ," *Baldwin*, 349 F.3d at 555 (citing *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995)), or "review the factual record de novo." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (citing *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994)). Instead, if, after reviewing the evidence, the court finds it "possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the [Commissioner's] denial of benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008)). This is true even in cases where the court "might have weighed the evidence differently." *Culbertson*, 30 F.3d at 939 (quoting *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992)). The court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

*Analysis*

Miller argues the ALJ erred by concluding that his physical impairments were non-severe. He cites several medical records relating to his back and leg pain and gastrointestinal-related issues. Miller also argues that Dr. Marczewski's opinion should have been given greater weight because Dr. Marczewski has treated Miller since 2001 and his opinion establishes that Miller is disabled.

The Commissioner argues substantial evidence supports the ALJ's finding that Miller's only severe impairment is depression. The Commissioner contends the ALJ properly assigned Dr. Marczewski's opinion no weight because it was inconsistent with other evidence in the record and was based on Miller's subjective allegations that were properly discredited by the ALJ. The Commissioner also argues the record establishes that Miller sought little treatment for any physical impairment since April 6, 2009, and any examinations he had during that time period revealed normal findings.

At step two, the ALJ must consider whether a medically determinable impairment is "severe." 20 C.F.R. § 416.920(a)(4)(ii). A severe impairment is one which "significantly limits your physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c). Basic work activities include physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling; capacities for seeing, hearing and speaking; understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers and usual work situations; and dealing with changes in a routine work setting. 20 C.F.R. § 416.921(b). If the impairment would have no more than a minimal effect on the claimant's ability to work, then it does not satisfy the requirement of step two. *Page*, 484 F.3d at 1043. It is the claimant's burden to establish that his or her impairment or combination of impairments is severe. *Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000). "Severity is not an onerous requirement for the claimant to meet, but it is also not a toothless standard . . . ." *Kirby*, 500 F.3d at 708 (internal citation omitted).

9

According to the Commissioner:

> A determination that an impairment(s) is not severe requires a careful evaluation of the medical findings which describe the impairment(s) and an informed judgment about its (their) limiting effects on the individual's physical and mental ability(ies) to perform basic work activities; thus, an assessment of function is inherent in the medical evaluation process itself. At the second step of sequential evaluation, then, medical evidence alone is evaluated in order to assess the effects of the impairment(s) on ability to do basic work activities.
>
> . . . .
>
> Great care should be exercised in applying the not severe impairment concept. If an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation process should not end with the not severe evaluation step. Rather it should be continued.

SSR 85-28, 1985 WL 56856, at *4 (Jan. 1, 1985).

The ALJ found that Miller did not have any severe physical impairments that more than minimally interfered with his ability to engage in basic work activities. AR 13. Miller alleged lower back pain that would radiate down his left leg, chronic diarrhea alternating with constipation, GERD, benign hypertension and benign prostatic hyperplasia. The ALJ acknowledged there were some medical records indicating he has mild degenerative disc disease with some cystic degenerative changes and osteopenia of the left hip. *Id*. However, he also noted that most of Miller's physical examinations since his filing date revealed normal findings with normal strength, range of motion and reflexes. As for his gastrointestinal-related issues, the ALJ noted that Miller had alcohol-induced chronic pancreatitis and had developed a pancreatic duct pseudocyst in the past. The pseudocyst has been resolved and Miller stopped drinking in 2003. *Id*. The ALJ noted some tests were performed to address Miller's episodic

loose stools, but they were incomplete due to Miller falling asleep during the tests. *Id.* The ALJ concluded the evidence did not reflect any functional limitations secondary to these impairments. *Id.*

The ALJ also considered the medical assessment submitted by Dr. Marczewski, but found that it did not establish that Miller had any severe physical impairment. AR 13-14. The ALJ gave this assessment no weight, finding it was based on Miller's less-than-credible subjective complaints and was inconsistent with Dr. Marczewski's own objective treatment notes and other evidence in the record. *Id.*

I find that the ALJ erred at step two in evaluating whether Miller's physical impairments were severe. Miller made several subjective allegations suggesting that his physical impairments have more than a minimal effect on his ability to work, and the ALJ failed to discredit those allegations. The ALJ summarized Miller's subjective allegations noting that he can rarely lift less than 10 pounds, cannot be on his feet more than two hours out of the day, needs to sit and rest for 30 minutes after walking only a block or two, has difficulty with personal care and experiences chronic diarrhea requiring him to use the restroom at least five and up to nine times per day. AR 12-13. The ALJ stated these subjective complaints were "less than credible" when discussing Dr. Marczewski's medical assessment, but he failed to provide reasons for why they were not credible.

Social Security Ruling 96-3p provides:

> Because a determination whether an impairment(s) is severe requires an assessment of the functionally limiting effects of an impairment(s), symptom-related limitations and restrictions must be considered at this step of the sequential evaluation process, provided that the individual has a medically determinable impairment(s) that could reasonably be expected to produce the symptoms.

SSR 96-3p, 1996 WL 374181, at *2 (July 2, 1996). This ruling makes it clear that if a claimant has a medically determinable impairment, the ALJ must also consider the

11

symptom-related limitations and restrictions of that impairment. Social Security Ruling 96-7p clarifies that the ALJ must consider the claimant's subjective allegations and make a credibility determination at this step.

> Once the adjudicator has determined the extent to which the individual's symptoms limit the individual's ability to do basic work activities by making a finding on the credibility of the individual's statements, the impact of the symptoms on the individual's ability to function must be considered along with the objective medical and other evidence, first in determining whether the individual's impairment or combination of impairments is "severe" at step 2 of the sequential evaluation process for determining disability and, as necessary, at each subsequent step of the process.

SSR 96-7p, 1996 WL 374186 (July 2, 1996).

Here, the ALJ acknowledged that Miller had medically determinable physical impairments of degenerative disc disease, osteopenia, GERD, benign hypertension and benign prostatic hyperplasia. AR 13. However, the ALJ failed to consider Miller's symptom-related limitations and make a credibility finding on his alleged limitations, which was error. *See Caviness v. Massanari*, 250 F.3d 603, 605 (8th Cir. 2001) (finding the ALJ erred at step two by failing to evaluate the claimant's subjective complaints). While the ALJ apparently found that the medical evidence does not support Miller's subjective allegations, this is only one factor that should be considered. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984) ("The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints."). The ALJ is also required to explicitly discredit a claimant and provide reasons. *See Wagner v. Astrue*, 499 F.3d 842, 851 (8th Cir. 2007) ("[A]n ALJ who rejects such [subjective] complaints must make an express credibility determination explaining the reasons for discrediting the complaints."). I find that the appropriate remedy is remand with instructions that the ALJ consider Miller's subjective complaints

about his physical impairments and make a detailed credibility finding in deciding whether those impairments are severe.

The ALJ also erred by failing to consider whether the combination of physical impairments was severe. The regulations provide:

> In determining whether your physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under the law, we will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity.

20 C.F.R. § 416.923. The ALJ discussed each of the physical impairments separately and either did not consider the severity of the combination of impairments or, at least, did not clearly indicate that he had done so. This error requires remand for the ALJ to consider and address the combined effect of all of Miller's impairments.

Finally, the ALJ erred by failing to consider Miller's physical impairments (whether severe or non-severe) at step four in determining Miller's RFC. The regulations provide, "We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe' . . . when we assess your residual functional capacity." 20 C.F.R. § 416.945(a)(2). The only discussion of Miller's physical impairments at step four is that he "has no severe physical impairment interfering with his ability to perform a full range of work at all exertional levels despite his allegations of an inability to physically perform even sedentary work." AR 15. This is error, as the ALJ must consider the effects of even non-severe impairments when determining a claimant's RFC.

The potential effects of Miller's physical impairments are emphasized by the VE's testimony. The VE testified that Miller's physical limitations, as he described them, would have an effect on his ability to perform basic work activities and would actually preclude work altogether if his allegations were credited. AR 45; *see Gilbert*

*v. Apfel*, 175 F.3d 602, 604 (8th Cir. 1999) ("Although our focus here is on step two, the severe impairment inquiry, the vocational expert's answers to the ALJ's hypothetical questions are strong evidence that [the claimant]'s impairments are indeed severe . . . ."). As described above, the ALJ failed to discredit Miller's subjective allegations. Because Miller had medically determinable physical impairments that the ALJ was aware of, those impairments should have been considered in the RFC determination and not summarily dismissed simply because the ALJ found them to be non-severe.

## *Conclusion*

For the reasons set forth herein, I must remand this case for further proceedings. *See Benskin v. Bowen*, 830 F.2d 878, 885 n.2 (8th Cir. 1987) ("Usually, when the Secretary errs at a stage in the determination at which the burden is still on the claimant to prove she is entitled to benefits, the proper relief is to remand to the Secretary so he can resume consideration of the claim."). On remand, the ALJ shall evaluate the combination of all of Miller's impairments in light of all the evidence in the record, including Miller's subjective complaints. The ALJ shall also provide detailed reasons, supported by substantial evidence in the record, for discrediting any of Miller's subjective complaints. Finally, the ALJ must reconsider Miller's RFC, taking into account all alleged impairments, whether severe or non-severe. Accordingly, the Commissioner's decision is hereby **reversed** and this case is **remanded** for further proceedings consistent with the above opinion.

**IT IS SO ORDERED.**

**DATED** this 7th day of May, 2013.

                                            _____
                                            LEONARD T. STRAND
                                            UNITED STATES MAGISTRATE JUDGE
                                            NORTHERN DISTRICT OF IOWA